IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01212-BNB

JAMES WILFRED HALL,

    Applicant,

v.

WARDEN FALK, and
JOHN W. SUTHER, Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, James Wilfred Hall, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Hall initiated this action by filing *pro se* a Motion to Quash (ECF No. 1) arguing that his conviction in a Colorado state court criminal case is void. On May 23, 2013, Mr. Hall paid the filing fee for a habeas corpus action. On June 5, 2013, he filed on the proper form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 7). Mr. Hall also has filed a motion for appointment of counsel (ECF No. 5) and a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 6). Mr. Hall is challenging the validity of his Colorado state court criminal conviction in Denver District Court case number 00CR2187.

    The Court must construe the habeas corpus application liberally because Mr. Hall is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the application

is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the action will be dismissed for lack of jurisdiction. The pending motions will be denied.

Mr. Hall previously sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Denver District Court case number 00CR2187. *See Hall v. Clements*, No. 12-cv-00341-LTB (D. Colo. Apr. 27, 2012). Case number 12-cv-00341-LTB was dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). Because case number 12-cv-00341-LTB was dismissed as time-barred, the Court finds that the instant application is a second or successive application. *See Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) (noting that "[d]ismissal of a petition as time barred operates as a dismissal with prejudice, meaning that future applications will be treated as 'second or successive' petitions subject to the heightened requirements of § 2244(b)").

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Hall must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  28 U.S.C. § 2244(b)(2)(B).

Mr. Hall concedes that he has not obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. (*See* ECF No. 7 at 14.)  Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252.  The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.  When the claims being raised in the second or successive application clearly do not meet the statutory requirements set forth in § 2244(b)(2), "a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *See id.* at 1252.

Mr. Hall is not raising any claim in this action that is based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). In fact, it appears that the claim Mr. Hall raises in the instant application is the same claim he actually raised in case number 12-cv-00341-LTB.  Therefore, the Court finds

that a transfer is not in the interest of justice for that reason alone. *See id.*

Consideration of the other relevant factors also supports this conclusion. Although it appears that Mr. Hall's claims would be time-barred if filed anew in the proper forum, the fact that 12-cv-00341-LTB was dismissed as time-barred indicates the instant action would be time-barred even if Mr. Hall had sought proper authorization prior to filing in this Court. There also is no indication that Mr. Hall seeks to pursue a claim that likely has merit. Finally, it was clear when the instant action was filed that this Court lacks jurisdiction over Mr. Hall's successive claim. As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 7) is denied and the action is dismissed for lack of jurisdiction. It is

FURTHER ORDERED that the Motion to Quash (ECF No. 1), the motion for appointment of counsel (ECF No. 5), and the motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 6) are DENIED. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  7th  day of   June  , 2013.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court